UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

KATHLEEN CALKIN,

Plaintiff,

v.

COUNTY OF WEXFORD, et al.,

Defendants.

Case No. 1:24-cv-00429

Hon. Hala Y. Jarbou
Chief U.S. District Judge

# REPORT AND RECOMMENDATION

This Report and Recommendation (R. & R.) addresses a Notice of Permanent Injunction and Discharge filed by Defendants Shaun C. Ramsey, D.O. and Envision Physician Services, LLC. ECF No. 145. Plaintiff, Katheleen Calkin, filed a response. ECF No. 148.

Envision Healthcare Corporation filed for Chapter 11 reorganization. Defendants attached to their Notice a *Revised Order Confirming the Third Amended Joint Chapter 11 Plan Of Reorganization of the EVPS Debtors*. ECF No. 145-1.

Defendants argue that:

> Pursuant to the EVPS Confirmation Order, any claim, interest, or cause of action against the Debtors or their property that arose before the Effective Date has been discharged and the pursuit of any such claim, interest, or cause of action, whether known or unknown, has been permanently enjoined.

ECF No. 145, PageID.1193 (citing EVPS Confirmation Order ¶ 86).[1] Defendant Envision Physician Services, LLC, "requests that the Court administratively terminate the above-captioned case with respect to Defendant Envision Physician Services, LLC." *Id.*, PageID.1194.

Under 11 U.S.C. § 1141, the confirmation of a plan "discharges the debtor from any debt that arose before the date of such confirmation." 11 U.S.C. § 1141(d)(1)(A). A discharge under Chapter 11 "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524.

First, Plaintiff argues the Notice does not apply to claims against Defendant "non-debtor" Dr. Ramsey. Although, Dr. Ramsey's name is included in the heading of the Notice, Defendants do not specifically request that the Court "administratively terminate" the case against Dr. Ramsey.

Plaintiff cites *Harrington v. Purdue Pharma L. P.*, 603 U.S. 204, 215 (2024), for the proposition that a bankruptcy plan reorganization does not release non-debtor third parties without the consent of the affected claimants. The Supreme Court stated:

> that discharge not only releases or "void[s] any past or future judgments on the" discharged debt; it also "operat[es] as an injunction ...

[1] As part of the reorganization, the bankruptcy court split Envision Healthcare into two separate companies consisting of Envision Physician Services (EVPS) and AMSURG. EVPS provides doctors to hospital emergency rooms, intensive care units and birthing suites. 72 No. 24 Bankr. Ct. Dec. News 11.

> prohibit[ing] creditors from attempting to collect or to recover the debt." *Tennessee Student Assistance Corporation v. Hood*, 541 U.S. 440, 447, 124 S.Ct. 1905, 158 L.Ed.2d 764 (2004) (citing §§ 524(a)(1), (2)). Generally, however, a discharge operates only for the benefit of the debtor against its creditors and "does not affect the liability of any other entity." § 524(e).

*Id*.

Defendant argues that the burden is for each Defendant to establish that the bankruptcy reorganization is applicable to them. Defendant states that Plaintiff never consented to releasing non-debtor Defendant Dr. Ramsey from liability. Dr. Ramsey did not file for bankruptcy reorganization, and Defendants have failed to show that Dr. Ramsey received a discharge in the bankruptcy proceeding. The Confirmation Order states in part:

> For the avoidance of doubt, nothing in the EVPS Plan or this EVPS Confirmation Order shall be deemed to release, enjoin, bar, or otherwise impair the Personal Injury Plaintiffs' Claims against any other person or entity (including without limitation the EVPS Debtors' and Reorganized Debtors' employees and/or independent contractors such as doctors, physicians and physician assistants or any hospital in which such employees and/or independent contractors provided medical services), other than the EVPS Debtors, the EVPS Debtors' estates, the Reorganized EVPS Debtors and/or the assets of any of the foregoing entities.

Order, ¶ 134. This indicates that the Confirmation Order does not apply to claims made against Defendant Dr. Ramsey.

Importantly, Defendants point to nothing within the Confirming Order that even arguably applies to Dr. Ramsey. Accordingly, it is recommended that the Court allow this action to proceed against Dr. Ramsey.

As to Defendant Envision Physician Services, LLC., Plaintiff argues that the Confirmation Order preserves insurance, contemplates the payment of claims, and does not specifically enjoin medical malpractice lawsuits. Further, Plaintiff asserts that she never received notice of the bankruptcy proceedings. Additionally, Plaintiff argues that Envision Physician Services, LLC's litigation conduct in this case – specifically, not raising this issue sooner – supports a finding that discharge is unwarranted. The Confirmation Order provides for the release, exculpation, discharge, and injunction provisions for all claims against the Debtor:

> 86. Release, Exculpation, Discharge, and Injunction Provisions. All release, exculpation, discharge, and injunction provisions embodied in the EVPS Plan, including those contained in Article VIII of the EVPS Plan are hereby approved and authorized in their entirety and shall be effective and binding on all parties and Entities, to the extent provided in the EVPS Plan, without further order or action by the Bankruptcy Court.

ECF No. 145-1 (Confirmation Order ¶ 86).

In the opinion of the undersigned, the Confirmation Order releases Envision Physician Services. LLC., from debt and claims that occurred before the effective date of November 3, 2023. There is nothing within the Confirmation Order that precludes malpractice claims from release or discharge. Nor has Plaintiff pointed to any exceptions in the Confirmation Order to the discharge of her claim against Envision Physician Services, LLC. The Confirmation Order further states:

> 78. Objections Overruled. All objections, statements, and reservations of rights pertaining to Confirmation of the EVPS Plan that have not been withdrawn, waived, or settled are hereby OVERRULED and DENIED on the merits.

> 79. All objections to Confirmation not filed and served prior to the deadline for filing objections to the EVPS Plan set forth in the Confirmation Hearing Notice, if any, are deemed waived and shall not be considered by the Bankruptcy Court.

*Id*. (Confirmation Order, ¶¶ 78, 79).

The undersigned recognizes that adequate notice is a fundamental aspect of due process. In *Mullane v. Cent. Hanover Bank & Tr. Co.*, the U.S. Supreme Court observed:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

*Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). *In re City of Detroit* provides:

> Bankruptcy law distinguishes between known and unknown creditors. Unknown creditors may be notified by publication; but known creditors are entitled to actual notice. Known creditors are those whose claims or identities are "readily ascertainable" by the debtor. Readily ascertainable means a debtor, through "reasonably diligent efforts" could discover a creditor's claim. "Reasonably diligent efforts" does not require "impracticable and extended searches ... in the name of due process." Rather, a debtor must home in on its "own books and records." Typically, that means the debtor has something in its possession, either a "demand for payment" or "some communication with a debtor concerning the existence of the creditor's claim."

642 B.R. 807, 811 (Bankr. E.D. Mich. 2022) (quoting *Monson v. City of Detroit*, No. 18-10638, 2019 WL 1057306, at *9 (E.D. Mich. Mar. 6, 2019).

The problem here is that the question of whether Plaintiff had sufficient notice of her opportunity to opt out of the release may only be addressed by the Bankruptcy

Court, which retains jurisdiction over matters concerning Chapter 11 cases.[2] *See Clayborne v. Godiwalla*, No. 24-3150, 2025 WL 3461719, at *1 (7th Cir. Oct. 28, 2025) ("the Bankruptcy Plan provides that any request for relief relating to service or the opt-out procedures must be raised in and resolved by the bankruptcy court"); *Smith v. Wellpath*, No. 24-CV-2520, 2026 WL 1505679, at *6 (E.D. Pa. May 28, 2026) (collecting cases). This issue is not for this Court to decide. Ultimately, Plaintiff would need to present her notice argument to the Bankruptcy Court.

Plaintiff argues that Envision Physician Services, LLC., has insurance and money set aside for debts and that they failed to provide timely notice of the permanent injunction and discharge in this case. Further, Plaintiff argues that she provided notice of her claim to Envision Physician Services, LLC., before the November 3, 2023, effective date of the Bankruptcy Plan. Neither of these issues appear dispositive on whether the Bankruptcy Court Confirmation Order discharged Envision Physician Services. LLC from its prior debts. Importantly, Plaintiff has failed to show that she objected to the Bankruptcy Confirmation Order.[3] In the opinion of the undersigned, the Confirmation Order bars Plaintiff's claims against Defendant Envision Physician Services, LLC.

---

[2] Notice and opt out provisions are set forth in the Confirmation Order at Section J, ¶ 10; and at ¶ 134.

[3] Even if she had, the Confirmation Order overruled all unresolved objections not made part of the Confirmation Order. Section H, ¶ 8.

**Recommendation**

Accordingly, it is respectfully recommended that the Court administratively terminate this case against Defendant Envision Physician Services, LLC. in accordance with Defendants' Notice of Permanent Injunction and Discharge, ECF No. 145.

It is further recommended that the Court allow Plaintiff's claims against Dr. Ramsey to proceed.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: September 4, 2026

/s/ *Maarten Vermaat*
MAARTEN VERMAAT
U.S. MAGISTRATE JUDGE